SCHOOL DISTRICTS TRANSFERS OF STUDENTS
1. Where a student transferred from school district "A", wherein he resides, to school district "B" for the school year 1974-75 and attended school in school district "A" for the school year 1975-76, he may not transfer to school district "B" for the school year 1976-77 with the approval of the board of education of only the receiving district, but must also receive the approval of the board of education of the sending school district. 2. Where a student transferred from school district "A" wherein he resides, to school district "B" for the school year 197576, and subsequent thereto moved his residence to school district "C", he is entitled to attend school in school district "B" during the school year for which the transfer was made without further or renewed approval of either school district; and the student is further entitled to continue to attend school in school district "B" in subsequent consecutive school years with approval of the receiving district only. 3. Where a student transferred from school district "A", wherein he resides, to school district "B" for the school year 1975-76, and subsequent thereto school district "A" is annexed to school district "C", the student is entitled to attend school in school district "B" during the school year for which the transfer was made without further or renewed approval of either school district; and the student is further entitled to continue to attend school in school district "B" in subsequent consecutive school years with approval of the receiving district only. The Attorney General has considered your request for an opinion wherein you ask the following questions: "Question 1. Where a student resides in school district 'A' and is transferred to school district 'B' for the school year 1974-75 with the approval of both boards of education; then for the school year 1975-76 he is not transferred. He attends school in school district 'A'. May he then be transferred to school district 'B' for the school year 1976-77 with the approval of the board of education of the receiving district only? "Question 2. Where a student resides in school district 'A' and is transferred to school district 'B' for the school year 1975-76 with the approval of both boards of education and then moves his residence into school district 'C'. May he continue to be transferred to school district 'B' with the approval of the board of education of school district 'B' only? "Question 3. Where a student resides in school district 'A' and is transferred to school district 'B' for the school year 1975-76 with the approval of both boards of education, and then school district 'A' is annexed to school district 'C'. May such student continue to be transferred to school district 'B' with the approval of the board of education of school district 'B' only?" The statute governing non-emergency transfers is 70 O.S. 8-102 [70-8-102] (1975), as amended by Senate Bill No. 617 of the second session of the Thirty-fifth Legislature, which states, in part, as follows: ". . . "A. The county superintendent of schools shall grant an application for transfer of a child from the district in which he resides to another school district furnishing instruction in the grade he is entitled to pursue if such transfer has the approval of the boards of education of the sending and receiving districts. A student granted a transfer during the 1972-73 school year, or any school year thereafter, may continue to attend the school to which he transferred with approval of the receiving district only, and any brother or sister of such student may attend such school with approval of the receiving district only, provided that this provision shall not apply to pupils transferred for the purpose of attending classes in special education or a graduating senior in counties having a population of four hundred fifty thousand (450,000) or above, previously legally enrolled in the school district to which he wishes to transfer, or to students with catastrophic medical problems. Provided, however, if the grade such child is entitled to pursue is not offered in the district where such child resides, the transfer must be approved. Provided, a child may be transferred by the State Board of Education to a school district in another state, if the board of education of the school district in which the child resides and the board of education of the high school district in whose transportation area the child resides determines that the best interests of the child will be best served by such transfer. No transfer shall be granted for any reason not hereinbefore specified. No child shall be transferred under the provisions of this article to a school district other than the one designated in the application for his transfer. "B. When a child has been transferred and later changes his residence to another school district in the State of Oklahoma, he shall be entitled to attend school in the district to which he shall have previously been transferred during the school year for which the transfer was made; and if such change of residence is to the district to which the child shall have been transferred, an affidavit of parent or guardian, or of the school board of the transferring district, disclosing removal of residence from the transferring district, a transfer previously made may be canceled, and the appropriation made therefor relieved of such encumbrance to the extent not earned. Provided, that if any child changes residence from a district offering the grade which such child is entitled to pursue, to another district during the school year for which he was transferred, he shall be entitled to attend school in either district for the remainder of the current year. Provided, further, that when the transfer of a child has been finally approved or becomes final under the provisions of this article, such child shall not be entitled to attend school in the district from which he was transferred, even though he continues to live therein during the school year for which the transfer was made, except in case of a cancellation of the transfer as authorized by this article." Paragraph A of the above-quoted statute provides that the county superintendent of schools shall grant an application for transfer of a child from the school district in which the child resides to another school district furnishing instruction in the grade the child is entitled to pursue if such transfer has the approval of the boards of education of the sending and receiving districts. Excluding special education students, certain graduating seniors, and students with catastrophic medical problems, a student granted a transfer during the 1972-73 school year, or any school year subsequent thereto, may continue to attend the school to which the student transferred with the approval of only the receiving district. Thus, once a transfer is granted, all that is necessary to continue such transfer in effect for subsequent school years is the approval of only the board of education of the receiving district. Following the rule regarding statutory construction and legislative intent set out in Stemmons, Inc. v. Universal C.I.T. Credit Corporation, Okl.,301 P.2d 212 (1956), it is presumed that the word "continue" bears its usual and commonly accepted meaning, i.e., to ". . . keep up or maintain esp. without interruption a particular condition, course, or series of actions. . . .". See Webster's Third New International Dictionary, G. C. Merriam Company, Springfield, Massachusetts (1963), p. 493. Therefore, by the language of the statute, the procedure of requiring the approval of only the receiving district for subsequent transfers is conditioned upon the transferred student continuing to attend school in the receiving district during consecutive school years and without interruption of the initially granted transfer. Once a transfer from the student's residential district is granted, subsequent transfers to the receiving district with the approval of only the receiving district may be granted only in those cases where the transferring student was transferred to the receiving school district during the next preceding school year. If the transferred student has not attended the school in the receiving district without interruption of such initial transfer, any subsequent transfer must be approved by the boards of education of both the sending and receiving district. Therefore, the first question is answered in the negative. Where a student transferred from school district "A", wherein he resides, to school district "B" for the school year 1974-75 and attended school in school district "A" for the school year 1975-76, he may not transfer to school district "B" for the school year 1976-77 with the approval of the board of education of only the receiving district, but must also receive the approval of the board of education of the sending district. By a plain reading of the first sentence of paragraph B of the above-quoted statute, when a student has been transferred and subsequently changes his residence to another school district in the State of Oklahoma, that student is entitled to attend school in the district to which he has previously been transferred during the school year in which the transfer was made. No further or renewed approval of such transfer is required for that particular school year which has previously been approved. By a plain reading of the second sentence of paragraph A of the above-quoted statute, a student granted a transfer during the 1972-73 school year, or any subsequent year thereto, may continue in each consecutive school year to attend the school to which he transferred with approval of only the receiving district. In considering the whole article regulating the transfer of students, there is no qualifying expressed language of this provision. Further, no qualification can be implied from the language of the article. 2A Southerland Statutory Construction, 55.03 (1973), states at page 383 as follows: ". . . 'In the construction of the statutes, implications which in effect are necessarily contrary to or incompatible with the spirit and purpose of the enactment being construed will not be indulged in. . . ." The principle of this rule of statutory construction is followed in Oliver v. Oklahoma Alcoholic Beverage Control Board, 359 P.2d 183 (1960). Thus, approval of subsequent transfers for any school year after the 1972-73 school year by only the receiving district is not conditioned upon the transferring student continuing to reside in the original sending district. Therefore, the second question is answered in the positive. Where a student transferred from school district "A", wherein he resides to school district "B" for the school year 1975-76, and subsequent thereto moved his residence to school district "C", he is entitled to attend school in school district "B" during the school year for which the transfer was made without further or renewed approval of either school district; and he is further entitled to continue to attend school in the receiving district in subsequent consecutive school years with approval of the receiving district only. The statutory provisions and rationale set out above in answering the second question are applicable to the third question. Where subsequent to a transfer of a student, the sending school district is annexed to a third school district, the transferred student is entitled to attend school in the district to which he has previously been transferred during the school year for which the transfer was made. No further or renewed approval of such transfer is required for that particular school year which has previously been approved. Also, as set out in the above-quoted statute, a student granted a transfer during the 1972-73 school year, or any subsequent year thereto, may continue to attend the school to which he transferred with approval of only the receiving district. Approval of subsequent consecutive transfers by only the board of education of the receiving school district is not conditioned upon the sending school district maintaining its original district boundaries or identity, or upon it not annexing to another school district. Therefore, the third question is answered in the positive. Where a student transferred from school district "A", wherein he resided, to school district "B" for the school year 1975-76, and subsequent thereto, school district "A" is annexed to school district "C", the student is entitled to attend school in school district "B" during the school year for which the transfer was made without further or renewed approval of either school district; and he is further entitled to continue to attend school in the receiving district in subsequent consecutive school years with approval of only the receiving school district. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: 1. Where a student transferred from school district "A", wherein he resides, to school district "B" for the school year 1974-75 and attended school in school district "A" for the school year 197576, he may not transfer to school district "B" for the school year 1976-77 with the approval of the board of education of only the receiving district, but must also receive the approval of the board of education of the sending school district. 2. Where a student transferred from school district "A" wherein he resides, to school district "B" for the school year 1975-76, and subsequent thereto moved his residence to school district "C", he is entitled to attend school in school district "B" during the school year for which the transfer was made without further or renewed approval of either school district; and the student is further entitled to continue to attend school in school district "B" in subsequent consecutive school years with approval of the receiving district only. 3. Where a student transferred from school district "A", wherein he resides, to school district "B" for the school year 1975-76, and subsequent thereto school district "A" is annexed to school district "C", the student is entitled to attend school in school district "B" during the school year for which the transfer was made without further or renewed approval of either school district; and the student is further entitled to continue to attend school in school district "B" in subsequent consecutive school years with approval of the receiving district only. (HAROLD B. McMILLAN, JR.) (ksg)